In re STERLINGWORTH RY. SUPPLY CO.

(District Court, E. D. Pennsylvania. November 18, 1908.)

No. 3,135.

BANKRUPTCY (§ 217*)—ADMINISTRATION OF ESTATE—SALE OF PROPERTY.

Where, at the time of an adjudication of bankruptcy against a corporation, its property had been for a year and a half under the control and management of a receiver appointed by a state court, under its direct orders and superintendence, a sale of property previously ordered by such court for the purpose of closing the receivership, and which had been advertised at considerable expense, will not be stayed by the court of bankruptcy unless it is clearly shown that it will be detrimental to the interests of general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.*]

In Bankruptcy. On motion to stay sale.

See, also, 164 Fed. 591.

F. W. Edgar and H. J. Steele, for state court receiver.

Charles H. Edmunds, Samuel Scoville, Jr., and Frank Reeder, for federal court receiver.

William J. Conlen, for intervening creditor.

Frank P. Prichard, for bankrupt.

HOLLAND, District Judge. The Sterlingworth Railway Supply Company was adjudicated a bankrupt on November 4, 1908, and Frank W. Coolbaugh, who was appointed receiver two days later, presented a petition on the 16th day of November, 1908, asking that a receiver's sale of the bankrupt's property, ordered by the court of common pleas of Northampton county, be restrained until the further order of this court. The state receiver was appointed February 12, 1907, and has conducted the business of the company, under the direction of the Northampton county court, since that time. The appointment was the result, as alleged in the bill filed for that purpose, of—

"a factional difference over the management of the corporation arising in the board of directors. * * * The board divided into two parties, each claiming a majority, and insisting upon the powers of the directorate, and claiming the control and management of the business, property, and corporate affairs of the corporation; * * * that both parties * * * were attempting to carry on the business * * * to the great embarrassment, prejudice, and depreciation of the property," etc.

From the time of the appointment almost continuously the parties were before the county court litigating questions in regard to the

corporate property. A motion presented in December, 1907, to dismiss the state receiver upon the ground of malfeasance in office, was ruled against the petitioners, and sustained by the Supreme Court of the state of Pennsylvania. Almost every move on the part of the state receiver has been passed upon and approved by the judge appointing him, after a full hearing by all parties interested. Nothing has been done without the sanction of the county court, and on the 24th day of September, 1908, an order was made by the court directing the sale of certain of the corporate property to take place on November 20, 1908. The sale has been extensively advertised at ·considerable expense to the estate. The question of the advisability of selling at this time was fully considered by the Northampton county court in a number' of hearings before it prior to issuing the order. The petition here presented sets forth numerous alleged grievances, none of which, however, can be considered in this court on a petition to stay this sale. The only matter to be considered upon this application is whether or not this sale will seriously jeopardize the interest the general creditors may have in the property. This question has been passed upon by Judge Stewart, of the county court, who knows all the facts and circumstances in connection with the property which affect the value, and which would be of importance in determining whether or not a sale should take place at this time, and he has concluded the sale should be made. The only reason given for a postponement of the sale is that as a result of the last election the property will probably bring more in the future. The state receiver has expended large sums of money and issued receiver's certificates therefor. This indebtedness was created by him in the management of the property, under the direction of the court, with the assent of all parties interested, and the sale is ordered for the payment of these charges, together with the receiver's expenses. On the 4th day of May, 1908, an order was entered that the receiver be discharged upon the payment of these charges by the interested parties, but the money was not forthcoming.

There is nothing in the case but some ex parte affidavits to the effect that the property will probably bring more in the future. This, in my judgment, is far short of making a case where the interest of the general creditors will be jeopardized by the sale at the time set; and as this receivership was created about one year and a half before the presentation of the petition in bankruptcy, and the property of the corporation at that time was taken into the custody of the state court, the management of the same should not be interfered with in any manner whatever. After the state receivership has been wound up, it will be the duty of the receiver in bankruptcy to receive from the state receiver whatever property belongs to the bankrupt's estate, and until the final settlement and discharge of the state receiver ·it will be the duty of the bankrupt receiver to look after the interest of the bankrupt's estate. Any action on his part in connection with the state receivership, which he deems advisable to be taken to. protect the interest of the bankrupt's estate, will be authorized when it appears to this court that it is a necessary and proper step to take:

The motion to stay the sale is therefore overruled.